

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 19, 1952

Hon. J. W. Simpson, Jr.          Opinion No. V-1524
District Attorney
Conroe, Texas                    Re: Legality of assisting
                                     a voter in preparing
                                     his ballot when the
                                     prospective voter can-
Dear Sir:                            not read or write.

         You have requested an opinion on the fol-
lowing question:

         "Can any assistance be given a
    voter in preparing his ballot where
    the prospective voter cannot read or
    write?"

         We understand your question to refer to
illiterate persons and not to persons who cannot read
or write because of some bodily infirmity.  Section 1
of Article VI, Constitution of Texas, and Section 33
of the Election Code enumerate the classes of persons
who are disqualified to vote.  Under these constitu-
tional and statutory provisions, illiteracy is not
made a disqualification to voting.  State v. Pease,
147 S.W. 649 (Tex.Civ.App. 1912).  However, there is
no constitutional requirement that illiterate voters
be given assistance in marking their ballots.

         Statutory provision for assistance to voters
is found in Section 95 of the Election Code.  This sec-
tion originated as Section 82 of the Terrell Election
Law (Acts 29th Leg., 1st C.S. 1905, ch. 11, p. 520).
As originally enacted it read:

         "Not more than one person at the
    same time shall be permitted to occupy
    any one compartment, voting booth or
    place prepared for a voter, except when
    a voter is unable to prepare his ballot
    from inability to read or write, or phys-
    ical disability, two judges or an inter-
    preter, if he can not both read and
    speak the English language, shall assist

him, they having been first sworn that they will not suggest by word or sign or gesture how the voter shall vote; that they shall confine their assistance to answering his questions, to naming candidates, and the political parties to which they belong, and that they will prepare his ballot as the voter himself shall direct. . . ."

The section, codified as Article 3003, Revised Civil Statutes 1911, was amended in 1918 (Acts 35th Leg., 4th C.S. 1918, ch. 30, p. 54) to read as follows:

"Not more than one person at the same time shall be permitted to occupy any one compartment, voting booth or place prepared for a voter, nor shall any assistance be given a voter in preparing his ballot, except when a voter is unable to prepare the same himself because of some bodily infirmity, such as renders him physically unable to write, or is over sixty years of age, or has been a citizen of the United States for 21 years and is unable to read and write, in which cases two judges of such election shall assist him . . .; and where any assistance is rendered any voter in preparing his ballot, other than the class herein excepted, the ballot of such voter shall not be counted. . . ."

It was again amended in 1919 (Acts 36th Leg., R.S. 1919, ch. 55, p. 94) so as to read:

"Not more than one person at the same time shall be permitted to occupy any one compartment, voting booth or place prepared for a voter, nor shall any assistance be given a voter in preparing his ballot, except when a voter is unable to prepare the same himself because of some bodily infirmity, such as renders him physically unable to write, or is over sixty years of age and is unable to read and write, in

> which case two judges of such election
> shall assist him . . .; and where any
> assistance is rendered in preparing a
> ballot other than as herein allowed,
> the ballot shall not be counted, but
> shall be void for all purposes. . . ." .

Under this amendment it was held in State v. Johnston, 238 S.W.2d 957 (Tex.Sup. 1951), that assistance to voters under 60 years of age because they could not read or write or because they were "not educated" was illegal. Attorney General's Opinion V-643 (1948) held that "election judges are not required or permitted to mark or assist in marking the ballot of a person between the ages of 21 and 60 years, though such person be unable to mark his ballot because of illiteracy."

Finally, the statute was further amended when it was carried into its present form from Article 3010, Revised Civil Statutes 1925, as Section 95 of the Election Code. It now reads:

> "Not more than one person at the
> same time shall be permitted to occupy
> any one compartment, voting booth or
> place prepared for a voter, nor shall
> any assistance be given a voter in pre-
> paring his ballot, except when a voter
> is unable to prepare the same himself
> because of some bodily infirmity, such
> as renders him physically unable to
> write or to see, in which case two (2)
> judges of such election shall assist
> him . . . Where any assistance is ren-
> dered in preparing a ballot other than
> as herein allowed, the ballot shall not
> be counted, but shall be void for all
> purposes. . . ." (Emphasis added.)

The effect of each successive amendment of the statute has been to restrict assistance to voters. Under the original enactment in 1905, all voters who were unable to read or write were entitled to assistance in marking their ballots. From 1919 until the effective date of the Texas Election Code on January 1, 1952, illiteracy was a ground for assistance only where the voter was over 60 years old. Section 95 of the Election Code deleted the provision for assistance

to voters over 60 years of age who were unable to read and write. So, under the law as it now exists, illiteracy is never a reason for rendering assistance to a voter in marking his ballot.

You have suggested in your brief that Section 95 of the Election Code might mean that manual or physical assistance cannot be given an illiterate voter, but that election officials might read the ballot to the voter and point out the individual candidates in the various races so that the voter might know where and for whom to cast his vote. We do not think such a construction is possible. Section 93 of the Election Code provides that the voter upon receiving his ballot shall immediately retire to a voting booth or a place prepared for voting and there prepare his ballot. Section 95 prohibits any person other than the voter from occupying the booth except when the voter is "unable to prepare the same himself because of some bodily infirmity, such as renders him physically unable to write or to see." Thus it is seen that the statute not only prohibits assistance to an illiterate voter, but also prohibits any one else from being in his immediate presence while he is marking his ballot. In view of this latter prohibition, it is impossible to give the statute the construction you have suggested, even if there was doubt that the prohibition against assistance to the illiterate voter would not of itself make such assistance illegal.

We appreciate the seeming incongruity between permitting an illiterate person to case a ballot and at the same time prohibiting him from receiving assistance in reading and marking the names thereon so that he may express his choice meaningfully. However, the wisdom of the law is for the consideration of the Legislature. As stated in Huff v. Duffield, 251 S.W. 298, 301 (Tex. Civ.App. 1923), "whether a wise law or not, it is the law and must be enforced."

Section 95 of the Election Code provides that any ballot on which illegal assistance is rendered shall be void. Articles 224 and 225, Vernon's Penal Code, provide that election officers who render assistance except as permitted therein shall be fined not less than $200 nor more than $500 or be confined in jail for not less than two nor more than twelve months, or both. It may be noted that these penal statutes have not been amended since the change in Section 95 of the Election Code eliminating the provision for assistance to voters over 60

years of age who were unable to read and write.  Although these two articles of the Penal Code do not make it an offense, such assistance is nevertheless unlawful and ballots of the assisted voters cannot be counted.

## SUMMARY

Illiteracy is not a disqualification to voting, but voters who are unable to read or write may not receive assistance in marking their ballots on the ground of their illiteracy.  Sec. 95, Texas Election Code.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

MKW:wb

Yours very truly,

PRICE DANIEL
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant